# PLUESE, BECKER & SALTZMAN, LLC
Attorneys at Law

**ROB SALTZMAN** ◆
RSaltzman@pbslaw.org

**SANFORD J. BECKER**
SBecker@pbslaw.org

**ROBERT T. PLUESE**
Retired

◆ PA and NJ Bars

20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054-4318
Telephone: (856) 813-1700
Telecopier: (856) 813-1720

**ROBERT F. THOMAS** ◆
RThomas@pbslaw.org

**KATHLEEN L. STANTON**◆
KStanton@pbslaw.org

**SHANNON E. BURRINI**
SBurrini@pbslaw.org

**KARLEE M. MARTIN**
KMartin@pbslaw.org

*Of Counsel*

**STUART H. WEST**◆
SWest@pbslaw.org

March 22, 2019

**Our File No. 094444B**

The Hon. Kathryn C. Ferguson, C.J.
US Bankruptcy Court
402 E. State Street                                                    VIA ECF
Trenton, NJ 08608

      Re: <u>In re: Amnon Tamam</u>
          Chapter 13 Case No. 18-28143-KCF

Dear Judge Ferguson,

As the Docket reflects, this law firm is privileged to represent the Mortgagee, Federal National Mortgage Assn. ("Fannie Mae"). by and through their Servicer, Seterus, Inc. ("Seterus") (collectively, the "Mortgagee"), in the above-referenced reorganization, and this correspondence is respectfully submitted in lieu of a more formal Response to the Debtor's pending Motion to sell their property (the "Mortgaged Property") free and clear of liens.

The Debtor's Motion appears flawed for at least the following reasons:
- The Debtor did not countersign Seterus' letter dated February 21, 2019 containing the terms and conditions of their undertaking to accept less than the full amount due on their mortgage loan. This express requirement is more than a mere formality, countersignature is an essential objective manifestation of the Debtor's assent to the terms and conditions of Seterus' approval.
- The Mortgagee's undertaking was expressly conditioned upon receiving no less than $167,200 (the total amount due as of the Mortgagee's Motion to Vacate Stay in December 2018 was $396,108), but the gross purchase price in the Contract for Sale is only $140,000
- The Contract and Motion appear to contemplate deductions for commissions and fees, even further reducing the net amount available for the Mortgagee
- The Contract provided for a closing date of January 15, which has long since passed.
- The Short Sale Affidavit incorporated into the Mortgagee's terms an conditions, is not executed. This express requirement is more than a mere formality, countersignature is an essential objective manifestation of the Debtor's assent to the terms and conditions of Seterus' approval.

The Hon. Kathryn C. Ferguson, C.J.
In re Amnon Tamam
Chapter 13 Case No. 18-28143
March 22, 2019
p. 2

- The Mortgagee's undertaking to accept the "short sale" proceeds expires on March 26, 2019.

Accordingly, the Mortgagee respectfully submits the Debtor's Motion should be denied.

Complicating the matter, Seterus, Inc. has been sold to Nationstar Mortgage LLC d/b/a Mr. Cooper. Accordingly, it is possible that other counsel may succeed to our law firm's representation.

Thank you for Your Honor's consideration of this matter.


Respectfully Submitted,

Pluese, Becker & Saltzman, LLC

By: /s/ Rob Saltzman
        Rob Saltzman

c: Robert Nisenson, Esq., via ECF